UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CITIBANK N.A., | |
|                             Plaintiff, | 23-cv-10920 (AS) |
| -against- | OPINION AND ORDER |
| HELLO FLATBUSH LLC et al., | |
|                            Defendants. | |

ARUN SUBRAMANIAN, United States District Judge:

Defendant Eli Karp moves to dismiss for lack of subject-matter jurisdiction, lack of standing, and insufficient service of process. For the reasons stated below, the motion is DENIED.

## BACKGROUND

On or about February 28, 2020, Cantor Commercial Real Estate Lending, L.P. executed a $15,000,000 commercial mortgage loan with Defendant Hello Flatbush LLC. Compl. at ¶ 16, Dkt. 1. Defendant Eli Karp is the loan's guarantor. ¶¶ 3, 29; *see also* Dkt. 1-11. In April 2020, Cantor assigned the mortgage and related documents to a trust named "Holders of CF 2020-P1 Mortgage Trust Commercial Mortgage Pass-Through Certificates, Series 2020-P1" ("CF Trust"). Compl. ¶ 26. Citibank, N.A. (a national banking association with its main office in Sioux Falls, South Dakota) is the trustee for the CF Trust. ¶¶ 9, 26; *see also* Dkt. 1-8.

Starting in September 2023, Hello Flatbush (and Karp in his capacity as guarantor) failed to make the required monthly loan payments, thereby defaulting under the loan agreement. Compl. ¶¶ 31–32. So Citibank initiated this foreclosure action against Hello Flatbush and Karp.

Through its process server, Citibank attempted to personally serve Karp notice of this action six times over the course of about a month at both Hello Flatbush's principal place of business and at Karp's New York home. *See* Dkt. 74 at 12; *see also* Dkts. 37-1 to -3. Citibank then served Karp by affixing the summons to the door of his home and sending him a copy via first-class mail. Karp now moves to dismiss Citibank's action. Dkt. 71-6.

## LEGAL STANDARDS

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when [a] district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "In resolving a Rule 12(b)(1) motion, a district court may refer to evidence outside the pleadings." *Est. of Close v. Cigna Health & Life Ins. Corp.*, 2023 WL 8846562, at *2 (S.D.N.Y. Dec. 21, 2023).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In resolving a 12(b)(6) motion, the Court may consider documents attached to the complaint, documents incorporated by reference into the complaint, documents integral to the complaint, and documents properly subject to judicial notice. *See Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995).

On a motion to dismiss for insufficient service of process under Rule 12(b)(5), "the burden to show that service was adequate rests with the plaintiff." *C3 Media & Mktg. Grp., LLC v. Firstgate Internet, Inc.*, 419 F. Supp. 2d 419, 427 (S.D.N.Y. 2005).

## DISCUSSION

### I.   Subject-matter jurisdiction is proper under 28 U.S.C. § 1332

Section 1332(a) provides that "the district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a). Karp says that jurisdiction under § 1332 is improper because the complaint fails to properly allege diversity. His argument goes like this: The plaintiff is Citibank, acting as trustee of the CF Trust, but it's not clear that Citibank is the right plaintiff, because it failed to submit the CF Trust's governing agreement for the Court to consider. Dkt. 71-6 at 6–9. Karp also argues that the citizenship of the beneficiaries of the CF Trust is relevant to the jurisdictional analysis, and that the complaint fails to identify the citizenship of those beneficiaries. *Id.* at 6. Neither argument is persuasive.

When, as here, a trust is party to a suit, the citizenship of the trust depends on whether it is a traditional trust or a business trust. *Americold Realty Tr. v. Conagra Foods, Inc.*, 577 U.S. 378, 383 (2016). Citibank says that the CF Trust "has elected to be treated as a real estate mortgage investment conduit under the Internal Revenue Code of 1986," making it a traditional trust. Dkt. 74 at 3. Karp does not argue otherwise. Dkt. 71-6 at 8.

"[F]or these traditional trusts, it is the *citizenship of the trustees* holding the legal right to sue on behalf of the trusts, not that of beneficiaries, that is relevant to jurisdiction." *Raymond Loubier Irrevocable Tr. v. Loubier*, 858 F.3d 719, 730 (2d Cir. 2017) (emphasis added). The trust agreement here[1] evidences that the trustee has the legal right to sue. *See* Dkt. 74 at 5 (collecting relevant portions of the trust agreement); *see also Wilmington Tr., Nat'l Ass'n as Tr. for Benefit of Registered Holders of Benchmark 2018-B5 Mortg. Tr., Com. Mortg. Pass-Through Certificates, Series 2018-B5 v. 115 Owner LLC*, 2021 WL 5086368, at *1 (S.D.N.Y. Nov. 2, 2021) (holding trustee was real party in interest when trust agreement contained similar language to trust agreement here).

---

[1] Citibank attached the trust agreement for the Court's review alongside its memorandum in opposition to Karp's motion. *See* Dkt. 74-1. Even though this document was not attached to Citibank's complaint, this Court may refer to documents outside the pleadings for purposes of a Rule 12(b)(1) motion. *See Est. of Close*, 2023 WL 8846562, at *2.

So Citibank's citizenship, rather than the beneficiaries' citizenship, controls the jurisdictional analysis. For a national bank, citizenship is determined by the state designated as the location of its main office. *See Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006). Citibank's main office is in Sioux Falls, South Dakota, so Citibank is a citizen of that state for the purpose of diversity jurisdiction. *See* Dkt. 74 at 1. Since neither Hello Flatbush nor Karp is a citizen of South Dakota, diversity jurisdiction is proper.

## II.     Citibank has standing

Next, Karp argues that the case should be dismissed because Citibank does not have standing to bring this lawsuit. According to Karp, Citibank did not hold the note and mortgage when it brought this foreclosure action. It is important to note that "[w]hile courts have referred to this issue as one of 'standing,' that should not be confused with Article III standing. The courts just mean that under New York law, a plaintiff needs to satisfy certain conditions before being able to pursue foreclosure." *Kairos Credit Strategies Operating P'ship, LP v. Friars Nat'l Ass'n, Inc.*, 2023 WL 8602827, at *3 (S.D.N.Y. Dec. 12, 2023).

"A plaintiff has standing where it is the holder *or assignee* of both the subject mortgage and of the underlying note at the time the action is commenced." *Deutsche Bank Nat. Tr. Co. v. Barnett*, 88 A.D.3d 636, 637 (2d Dep't 2011) (emphasis added) (collecting cases). "No special form or language is necessary to effect an assignment as long as the language shows the intention of the owner of a right to transfer it." *OneWest Bank, N.A. v. Melina*, 827 F.3d 214, 223 (2d Cir. 2016) (quoting *Suraleb, Inc. v. Int'l Trade Club, Inc.*, 13 A.D.3d 612, 612 (2d Dep't 2004)). A plaintiff can prove ownership of a note by producing a document designated as an "allonge to note," which establishes that the plaintiff is the transferee of the subject note. *Deutsche Bank Tr. Co. Americas v. Codio*, 94 A.D.3d 1040, 1041 (2d Dep't 2012).

Citibank has alleged and produced documents demonstrating that Citibank (in its capacity as trustee) was an assignee of the mortgage and the underlying note at the time the action was commenced. *See* Compl. ¶ 26 ("Thereafter, Cantor assigned the Mortgage, ALR, and Financing Statement to Lender as evidenced by: (1) a certain Assignment of Mortgage dated April 30, 2020, and recorded with the Register on August 4, 2020 . . . ."); *see also* Dkt. 1-8 (recorded assignment contracts between Cantor and Citibank as trustee). For purposes of this motion to dismiss, Citibank has properly pleaded its satisfaction of the conditions needed to pursue this action. *See S.E.C. v. One or More Unknown Traders in Sec. of Onyx Pharms., Inc.*, 296 F.R.D. 241, 247 (S.D.N.Y. 2013) ("To determine whether a complaint satisfies Rule 8, a court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in the plaintiff's favor.").

## III.    Service of Karp was proper

Finally, Karp moves to dismiss for lack of proper service. Citibank served Karp via first class mail. According to Karp, such service was not permitted here.

Federal Rule of Civil Procedure 4(e)(1) states that service must be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where

the district court is located or where service is made." Under New York law, when personal service "cannot be made with due diligence," service may be made:

> by affixing the summons to the door of either the actual place of business, dwelling place or usual place of abode within the state of the person to be served and by either mailing the summons to such person at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business . . . .

N.Y. C.P.L.R. § 308(4).

Karp argues that Citibank did not exercise due diligence before resorting to service under § 308(4). Dkt. 71-6 at 10. "[D]ue diligence" is determined on a case-by-case basis, "consider[ing] the general quality of efforts made to effect in-person service." *MJC Supply, LLC v. Powis*, 2019 WL 1429625, at *4 (E.D.N.Y. Mar. 29, 2019). "Nevertheless, certain rough standards can be discerned from the case law, including a requirement of at least three attempts at in-person service, preferably on non-consecutive days and during non-business hours." *Id.* (cleaned up) (collecting cases). Additionally, "[t]he plaintiff bears the burden of proving adequate service, and the Court may look to materials outside of the pleadings to determine whether proper service has occurred." *Zaerpour v. JP Morgan Chase Bank*, 2022 WL 3159287, at *1 (S.D.N.Y. Aug. 8, 2022) (internal quotation marks omitted).

Here, Citibank made six attempts of service over "more than three weeks and at three separate addresses," including Karp's office and home. Dkt. 74 at 12. These attempts were on non-consecutive days, and at various times of the day. Such attempts satisfy the due diligence standard.

Karp argues that "New York courts have also required plaintiffs to attempt service at a defendant's place of employment" before resorting to service under § 308(4). Dkt. 71-6 at 11 (quoting *Am. Builders & Contractors Supply Co. v. CR1 Contracting, LLC*, 565 F. Supp. 3d 330, 339 (W.D.N.Y. 2021)). But Karp omits the first half of the sentence he quotes. *American Builders* makes clear that service at a defendant's place of employment is required only "[w]here attempts at serving process upon an individual are not sufficiently varied in time . . . ." *American Builders*, 565 F. Supp. 3d at 339. Karp's argument for dismissal under Rule 12(b)(5) therefore fails.

## CONCLUSION

For the reasons stated above, Karp's motion to dismiss is DENIED. The Clerk of Court is directed to terminate the motion at Dkt. 71.

SO ORDERED.

Dated: July 10, 2024
New York, New York

_____
ARUN SUBRAMANIAN
United States District Judge