**BOND SCHOENECK & KING**

600 Third Avenue, 22nd Floor | New York, NY 10016-1915 | **bsk.com**

**MARK A. BERMAN, ESQ.**
mberman@bsk.com
P: 646.253.2356
F: 646.253.2301

December 20, 2024

**VIA ELECTRONIC FILING**

Judge Arun Subramanian
United States Courthouse
500 Pearl Street
New York, New York 10007

Re: Citibank, N.A., as Trustee for the Benefit of the Holders of CF 2020-P1 Mortgage Trust Commercial Mortgage Pass-Through Certificates, <u>Series 2020-P1 v. Hello Flatbush LLC,</u> et al., Case No. 23-cv-10920-AS

---

> Defendant Karp must comply with the Court's Order at Dkt. 93 by **December 27, 2024 at 12:00 PM** and submit a letter to the Court by that deadline confirming compliance. If no such letter is filed, the parties will appear for an in-person hearing on **December 30, 2024 at 3:00 PM**. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 95.
>
> SO ORDERED.
>
> *[signature]*
>
> Arun Subramanian, U.S.D.J.
> Date: December 20, 2024

---

Dear Judge Subramanian:

We represent Defendant Hello Flatbush LLC ("HF") in this foreclosure action and write, pursuant to your Rules, to address several discovery disputes HF is having with Co-Defendant Eli Karp ("Karp"), and to request a second informal court conference to address these issues. A meet and confer was held by telephone between lead counsel for HF and lead counsel for Karp on December 19, 2024, which occurred at 1:00 p.m. and lasted approximately 10 minutes. Attending on behalf of HF was Mark A. Berman and Dawn M. Wilson. Attending the meet and confer on behalf of Karp was Victor A Worms. The undersigned informed Mr. Worms during the meet and confer that the parties were at an impasse at moving the below issues to our satisfaction and that HF would be requesting a conference with the Court and obtain from the court additional time for responsive documents to be produced.

This Court, after holding a prior informal conference on October 30, 2024, issued an order (ecf doc. no. 93) requiring counsel for Karp and counsel for transactional counsel Fink & Zelmanovitz, P.C. ("Zelmanovitz"), Victor Worms, to produce their documents by December 1, and a privilege log to be provided December 16, 2024. We refer the Court to our prior letter of October 22, 2024 (ecf doc. no. 93) for the reasons why HF required this conference and the need for the requested documents.

Since December 2, 2024, over 20 emails had been sent by the undersigned counsel to Mr. Worms, which finally resulted in the production by Karp, without any formal document response containing any objection, on the evening of Friday, December 13th, of 55 emails and 39 pdfs concerning his entire relationship with subject property. The undersigned then wrote to counsel Karp on Monday, December 16th, inquiring as to the Zelmanovitz documents and on Tuesday, December 17th, stating:

Judge Subramanian
December 20, 2024
Page 2

>We have reviewed the documents you produced Friday evening from Mr. Karp and find the production woefully inadequate. The production consists of nothing more than a handful of emails with CCRE concerning the 2020 loan from Mr. Karp's inbox (nothing he sent or from the delated or trash folder) and a scattering of pdfs of documents relating to that deal and nothing concerning Karp's authority to sign the transaction documents, due diligence provided to the lender, or the transfer of the Borrower to new members. In total, you have produced little more than 100 documents/emails concerning your entire relationship with the property.
>
>Please explain through a sworn statement of Mr. Karp what happened to Mr. Karps's other responsive documents, emails, correspondence, etc. which surely must have existed at some point in time.

Then, on the next day, Wednesday, December 18, 2024, after hearing no response from counsel to the above, we requested that a meet and confer be scheduled by the end of the week.

On December 19, 2024, we were advised by Mr. Worms that he will be going back to Mr. Karp yet again to inquire whether there are additional responsive documents, but we believe that the documents we seek as to due diligence may no longer be in his possession, which is a problem for us.

As to Zelmanovitz, we have been advised that even after six months since we served a subpoena_ Mr. Worms is still waiting to receive documents from Zelmanovitz, and that he is having issues with technology in order to obtain them. Mr. Worms indicated that, as of today, he still has not had an opportunity to review any of the Zelmanovitz documents, and thus does not know what is being provided to him, much less than he can provide us with a privilege log

We understand that the fact discovery period is soon to end, but we have endeavored to obtain the requested information in good faith for weeks now, and we thus are constrained to seek the Court's assistance. As such, we believe it is necessary to adjourn the current schedule in order to properly address the above issues and have sufficient time to review the outstanding attorney-client privilege objections and document productions and conduct depositions, and would seek to extend the discovery period to the end of March to allow sufficient time, given the holidays, to review documents, address privilege issue and to take depositions.

We provided counsel for the plaintiff with a copy of this letter yesterday and informed them that we would be filing it this afternoon. Plaintiff's counsel did not provide any comments.

Respectfully submitted,

*Mark A. Berman*

Mark A. Berman

cc:  All Counsel by ecf