**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CITIBANK, N.A., AS TRUSTEE, FOR THE BENEFIT OF THE HOLDERS OF CF 2020-P1 MORTGAGE TRUST COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2020-P1,<br><br>Plaintiff,<br><br>v.<br><br>HELLO FLATBUSH LLC, ELI KARP, THE CITY OF NEW YORK ENVIRONMENTAL CONTROL BOARD,<br><br>Defendants. | Case No. 1:23-cv-10920-AS |

## FINAL JUDGMENT OF FORECLOSURE AND SALE

On the Summons in a Civil Action (the "Summons") and Complaint (the "Complaint") filed herein on December 15, 2023; on the Lis Pendens filed in the Register's Office; and upon the decision of Judge Arun Subramanian,  United States District Judge granting the Motion for Summary Judgment for Foreclosure, filed by Plaintiff Citibank, N.A., as Trustee, for the benefit of the Holders of CF 2020-P1 Mortgage Trust Commercial Mortgage Pass-Through Certificates, Series 2020-P1, against Defendants Hello Flatbush and Eli Karp and pursuant to the decision of Judge Subramanian, granting the motion for default judgment against The City of New York Environmental Control Board pursuant to Rule 55(a) of the Federal Rules of Civil Procedure ;

**NOW,** upon the Declaration of Aaron P. Davis, Esq. in Support of Attorney's Fees, dated February 26, 2026, and Declaration of Anne Heslop, dated February 18, 2026, the Court finds that;

105589431.3

The amount computed by the Court to be due on the Note and Mortgage is $23,838,688.05.

**IT IS ORDERED AND ADJUDGED,** that the Property described in the Mortgage, including the mortgaged premises described in the Complaint and described in Schedule "A" annexed hereto, be sold, in one parcel, and sold pursuant to this Judgment.

Together with all right, title and interest of the owner thereof, if any, in and to the land lying in the streets and road in front of the adjoining said premises, to the center line thereof.

Together with all fixtures and personal property, all as more fully set forth in the Mortgage, be sold in one parcel subject to the following any state of facts that an accurate survey may show; easements, covenants, restrictions or reservations or records, if any; zoning restrictions and any amendments thereto according to law now in force; existing violations and orders of the appropriate departments of any City, Town or Village, if any; the physical condition of the premises at the time of closing; and with any apportionments or adjustments; at public auction to be held at the **United States District Court for the Southern District of New York, located at the Thurgood Marshall Courthouse, 40 Centre Street, New York, New York 10007, by and under the direction of Robert L. Howe, 251 86th Street, Brooklyn, New York 11209, Telephone 718-748-9700, email [rhowe@robert-howe.com](mailto:rhowe@robert-howe.com) (the "Referee"), who is hereby designated as Referee, or his designee, herein to sell the mortgaged premises in accordance with that purpose that said Referee give public notice of the time and place of such sale in accordance with RPAPL § 231** and in the case Plaintiff shall become the purchaser at the said sale, Plaintiff shall not be required to make any deposit thereon, that said Referee or his duly appointed designee, execute to the purchaser or purchasers on such a sale a deed of the premises sold, that in the event a third-party other than Plaintiff becomes the purchaser or purchasers at

such sale, the closing of title shall be had thirty days after such sale unless otherwise stipulated by all parties to the sale; and it is further

**ORDERED** that said Referee or his duly appointed designee then deposit the balance of said proceeds of the sale in his own name as Referee in an FDIC Insured Banking Institution and shall thereafter make the following payments and his checks drawn for that purpose shall be paid by said depository.

1st The sum of $500.00 to said Referee for his fees herein.

2nd The expenses of the sale and the advertising expenses as shown on the bills presented to said Referee and certified by him to be correct.

3rd And also the sum of $23,838,688.05, the amount computed by the Court and adjudged to Plaintiff as aforesaid, with interest from the date of this judgment, and also the amount of any sums expended by Plaintiff, for taxes, assessments, water rates and sewer rents, with interest and penalties accrued thereon, or so much thereof as the purchase money of the mortgaged premises will pay of the same; and it is further

**ORDERED AND ADJUDGED,** that said Referee, or his duly appointed designee, shall take the receipt of Plaintiff or its attorney for the amounts paid as directed in the item above marked "3rd" and shall file it with his report of sale. That said Referee or his duly appointed designee shall deposit the surplus monies, if any, with the aforesaid depository, within 10 days after the same shall be received and ascertainable, to the credit of this action, to be withdrawn only on the order of a Judge of this Court.

If Plaintiff is the purchaser of said mortgaged premises at said sale, or if the rights of the purchaser at said sale and the terms of sale under this judgment shall be assigned to and be acquired by a representative of Plaintiff, or a designee of Plaintiff, and a valid assignment thereof

be filed with the Referee or his duly appointed designee shall not require Plaintiff or a designee of Plaintiff to pay in cash the amount bid at such sale, but shall execute and deliver to Plaintiff or Plaintiff's designee a deed of the premises sold. Plaintiff or Plaintiff's designee shall pay the amount specified in the items above marked "1st" and "2nd" and shall also pay the amount of the aforesaid taxes, assessments, water rates, sewer rents and interest and penalties thereon, if any. Said Referee or his duly appointed designee shall apply the balance of the amount bid after deducting therefrom the aforesaid amount paid by Plaintiff or Plaintiff's designee, to the amounts due Plaintiff in the item marked "3rd", and if there be a surplus over and above said amounts due Plaintiff, Plaintiff shall pay to said Referee or his duly appointed designee upon delivery of said Referee's Deed, the amount of such surplus, and said Referee or his duly appointed designees shall deposit said surplus as hereinabove directed.

Said Referee or his duly appointed designee shall make his report of such sale and shall file it with the Clerk of the Court with all convenient speed. If the proceeds of such sale be insufficient to pay the amount adjudged due to Plaintiff with the expenses, interests and costs as aforesaid, said Referee or his duly appointed designee shall specify the amount of such deficiency in his report of sale, Plaintiff shall recover from Hello Flatbush LLC and Eli Karp the whole deficiency of so much thereof as the Court may determine to be just and equitable of the residue of the mortgaged debt remaining unsatisfied after a sale of the mortgaged premises and the application of the proceeds thereof, provided a motion for a deficiency judgment shall be made as prescribed by New York Real Property Actions and Proceedings Law §1371 within the time limited therein, and the amount thereof is determined and awarded by Court Order as provided for in said section; and it is further

105589431.3

**ORDERED AND ADJUDGED,** that the purchaser at said sale be let into possession on production of the said Referee or his duly appointed designee's deed; and is entitled to obtain a writ of assistance authorizing the United States Marshal Service to provide entry and access to the Property forthwith, it is further

**ORDERED AND ADJUDGED,** that each and all of Defendants in this action, and all the persons claiming under them, or any or either of them, after filing of the notice of the pendency of this action, be and hereby be forever barred and foreclosed of all right, title, claim, interest, lien and equity of redemption in said mortgaged premises and each and every party thereof; and it is further

**ORDERED AND ADJUDGED,** that said mortgaged premises is to be sold in one parcel in "as is" physical order and condition, subject to any state of facts that an inspection of the mortgaged premises would disclose, any state of facts that an accurate survey of the mortgaged premises would show; any covenants, restrictions, declarations, reservations, easements, rights-of-way and public utility agreements of record, if any; any building and zoning ordinances of the municipality in which the mortgaged premises is located and possible violations of same; any rights of tenants or person in possession of the mortgaged premises; prior lien(s) of record, if any, except those liens addressed in Real Property Actions and Proceedings Law §1354, any equity of redemption of the United States of America to redeem the mortgaged premises within 120 days from the date of sale. Said mortgaged premises commonly known as 1353-1359 Flatbush Avenue, Brooklyn, New York 11210 (Block 5227, Lot 13) in Borough of Brooklyn, within the County of Kings, State of New York. A description of the mortgaged premises is annexed hereto and made a part hereof as Schedule "A."

105589431.3

Dated: New York, New York
March 17, 2026

_____

The Honorable Arun Subramanian
U.S. District Court for the Southern District of
New York

105589431.3

## SCHEDULE A
## DESCRIPTION OF PREMISES

### EXHIBIT "A"
[LEGAL DESCRIPTION]

ALL that certain plot, piece or parcel of land, situate, lying and being in the Borough of Brooklyn, County of Kings, City and State of New York, bounded and described as follows:

BEGINNING at a point on the easterly side of Flatbush Avenue, distant 146 feet 7 3/4 inches southerly from the corner formed by the intersection of the easterly side of Flatbush Avenue and the southerly side of Foster Avenue;

RUNNING THENCE southerly along the easterly side of Flatbush Avenue 90 feet 6 inches;

THENCE easterly along the northeasterly side of Flatbush Avenue, 19 feet 4 and 1/8 inches;

THENCE southerly along the northeasterly side of Flatbush Avenue, 15 feet 9 inches to a point distant 247 feet and 1/2 of an inch north of the intersection of Flatbush Avenue and East Twenty Sixth Street;

THENCE northeasterly at a right angle to Flatbush Avenue, 124 feet 3 inches at a point distant 36 feet 2 5/8 inches from the westerly side of East 26th Street;

THENCE easterly, 36 feet 2 5/8 inches to the westerly side of East 26th Street;

THENCE northerly along the westerly side of East 26th Street, 16 feet 1/2 inch to the center line of Paerdegat Lane;

THENCE westerly along the center line of Paerdegat Lane, 132 feet 4 inches;

THENCE northerly to the northerly side of Paerdegat Lane, 18 feet 3 1/2 inches (deed) 15 feet 11 1/8 inches (actual);

THENCE westerly along the northerly side of Paerdegat Lane, 85 feet to the point or place of BEGINNING.

Designated as Block 5227, Lot 13, Kings County and also known as 1353/1359 Flatbush Avenue, Brooklyn, NY.

105589431.3